# UNITED STATES DISTRICT COURT

# DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| LEVI FOERDERER, | ) | |
| Plaintiff, | ) | Civil Case No._______________ |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC. TRANSUNION, | ) | |
| CORP. | ) | |
| Defendants. | | |

COMPLAINT

---

I. JURISDICTION.

The Court has jurisdiction over the parties to this action and the subject matter thereof pursuant to 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

II. PLAINTIFF.

Plaintiff, LEVI FOERDERER ("Foerderer"), is a natural person and citizen of Bismarck, North Dakota, who resides at 100 6th Ave. SE, Mandan, ND 58554, Morton County.

III. DEFENDANT.

Defendant, EXPERIAN ("Experian"), is a Ohio Corporation that conducts business within this district and maintains its principal place of business in Costa Mesa, California. Its address for service of process is: 475 Anton Blvd., Costa Mesa, CA 92626

Defendant, TRANSUNION CORP. ("TransUnion"), is a Delaware Corporation that conducts business within this district and maintains its principal place of business in New Castle, Delaware. Its address for service of process is: 555 W Adams Street, Chicago, Illinois 60661

IV. CLAIM.

1. Foerderer is a "consumer" as defined in the Fair Credit Reporting Act ("FCRA").

2. Transunion and Experian are both a "consumer reporting agency" as defined in the FCRA.

3. Under 15 U.S.C. § 1681c(a), consumer reporting agencies are prohibited from reporting adverse or negative information that is older than 7 years.

4. In January of 2019, Foerderer submitted a request for a free annual file disclosure from the three major consumer reporting agencies ( Transunion, Experian, and Equifax ) through the Annual Credit Request Service.

5. Transunion and Experian responded to Foerderer's request and, once he provided proof of identity, furnished him with the requested file disclosures.

6. On February 4, 2019, Foerderer sent a dispute letter to Experian concerning outdated negative information ( older than 7 years ) within his file.

7. Experian did not remove the negative information from Foerderer's file.

8. On June 24, 2019, Foerderer sent a second dispute letter to Experian concerning the same negative information as the first letter.

9. Experian did not remove the negative information from Foerderer's file.

10. On March 9, 2020, Foerderer sent a third dispute letter to Experian with additional information concerning the same dispute in the previous two letters.

11. Experian did not remove the negative information from Foerderer's file.

12. On February 8, 2019, Foerderer sent a dispute letter to TransUnion concerning outdated negative information ( older than 7 years ) within his file.

13. TranUnion did not remove the negative information from Foerderers file.

14. On June 24, 2019, Foerderer sent a second dispute letter to TransUnion concerning the same negative information contained in the first dispute, with added information for TransUnion to consider.

15. TransUnion did not remove the negative information from Foerderer's file.

16. On March 9, 2020, Foerderer sent a third dispute letter to TransUnion concerning the negative information addressed in the previous two disputes but with added information for TransUnion to consider.

17. TransUnion did not remove the negative information from Foerderer's file.

18. Experian and TransUnion violated 15 U.S.C. § 1681c(a), by including information about Foerderer's child support arrears in one or more consumer reports after the period allowed by statute.

19. Experian and TransUnion violated 15 U.S.C. § 1681e(b), by failing to include a "date of first delinquency" section in their consumer reports.

20. Experian and TransUnion violated 15 U.S.C. § 1681i, by failing to conduct a reasonable reinvestigation when Foerderer disputed the accuracy of information about his child support arrears and by failing to modify his file thereafter.

21. Experian and TransUnion's unlawful conduct was willful, in that it was part of a policy or custom to not have a "date of first delinquency" section on their consumer reports and therefore consumers can not challenge the correct accuracy of outdated information, which is done with conscious knowledge or extreme recklessness.

22. As a direct and proximate result of Experian and TransUnion's unlawful conduct, Foerderer has suffered damages and is entitled to relief, including actual or statutory damages, punitive damages, recovery of costs and attorney's fees incurred pursuant to 15 U.S.C. §§ 1681n and/or 1681o.

Wherefore, Plaintiff demands judgment in his favor against Defendants, along with such further relief deemed just and proper by the Court.

Respectfully submitted,

Dated: October 11, 2020

LEVI FOERDERER
Levi.esf132@gmail.com
100 6th Avenue SE
Mandan, ND 58554
701.516.7879